# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP LEE WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1261-JDT-cgc |
| | ) | |
| CHESTER COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On November 8, 2019, Plaintiff Phillip Lee Williams, Jr., who is incarcerated at the Chester County Justice Center (CCJC) in Henderson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on November 13, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the Chester County Sheriff's Department, the CCJC, and the Henderson Police Department.

Williams alleges that the Sheriff's Department and CCJC have discriminated against him by refusing to provide him "proper medical attention." (ECF No. 1 at

PageID 2.) He alleges that "the bone specialist[]" recommended surgery on Williams's thumb, but the Sheriff's Department and CCJC "wouldn't sign off on it." (*Id.*)

Williams also alleges that "[t]hey are refusing to give me due process" in his ongoing state-court criminal matter. (*Id.*) He alleges that statements of the officers involved (whose names he does not provide) do not match statements from medical examiners (whose names he also does not provide) and that pictures taken by the Tennessee Highway Patrol do not match the pictures taken by investigators. (*Id.*) He asserts that evidence has been lost of fabricated. (*Id.*)

Williams also alleges that "They" prevented him from taking a GED class, took away his Koran in July 2018 and refused to allow him another one,[1] do not allow inmates to have "urban books" written by black authors or illustrators, refuse to answer his grievances, "cut the mayor out of the picture," separated the white inmates from the black inmates, and have given his outgoing legal mail to the Jail Administrator and Chief Deputy Sheriff Mark Griffin. (ECF No. 1-1 at PageID 4.)

Williams seeks an order directing the CJC to provide him proper medical treatment and monetary compensation. (ECF No. 1 at PageID 3.) He also wants "them to be held accountable and stop running things the way they want to and start following the rules and treat all people equal." (*Id.*)

---

[1] Williams alleges that two other inmates also were not allowed to have Korans. (ECF No. 1-1 at PageID 4.) Williams, however, lacks standing to assert the rights of anyone but himself in this action. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Williams filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Neither the Chester County Sheriff's Department, the CCJC, nor the Henderson Police Department is an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The Court will construe Williams's allegations as alleging claims against Chester County and the City of Henderson, which may be held liable *only* if Williams's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Because Williams does not allege that a Chester County or City of Henderson custom or policy is responsible for any of the alleged violations of his rights, he does not state a claim against Chester County or the City of Henderson.

Williams's complaint also fails to state a claim against any individual. He alleges generally that "they" have refused him medical treatment, GED classes, religious materials, and have committed other misconduct but does not specify who "they" refers to.[2] (ECF No. 1 at PageID 2.) These general allegations are insufficient to state a claim against any Defendant. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant

---

[2] The only prison official Williams names is Chief Deputy Sheriff Mark Griffin. However, he alleges only that the Jail Administrator gave Griffin Williams's outgoing legal mail. He does not allege that Griffin is responsible for his mail being taken away or for any other violation of his rights.

5

did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because Plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief).

Some of Williams's allegations would fail to state a claim even if he had named the party or parties responsible for the violation. Williams alleges that he has been discriminated against and not provided medical treatment because of that discrimination. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)), *overruled on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008). Williams does not allege the basis for the alleged discrimination. Nor does he allege that other similarly situated inmates were provided medical treatment when he was not. His conclusory allegation that he did not receive treatment because of discrimination does not state a claim.

Williams alleges that unspecified individuals will not answer his grievances. However, "[t]here is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983

6

claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.* He therefore fails to state a claim about his unanswered grievances.

Williams's claim that the CCJC separated white inmates and black inmates is untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Williams alleges that the separation occurred on November 9, 2017. Williams, therefore, needed to file a complaint about this incident by November 9, 2018. He signed his complaint on October 10, 2019, nearly one year too late.

To the extent that Williams may be asking this Court to intervene in his criminal proceeding, the Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be

issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Williams does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

For these reasons, Williams's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Williams should be given the opportunity to further amend his complaint.

In conclusion, the Court DISMISSES Williams's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, **on or before January 8, 2020**.

Williams is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in a amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Williams fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

        s/ **James D. Todd**
        JAMES D. TODD
        UNITED STATES DISTRICT JUDGE