# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP LEE WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1261-JDT-cgc |
| | ) | |
| CHESTER COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 18, 2019, the Court issued an order dismissing Plaintiff Phillip Lee Williams, Jr.'s *pro se* complaint and granting leave to file an amended complaint within twenty-one days. (ECF No. 5.) On January 13, 2020, the Clerk docketed several documents submitted by Williams. (ECF No. 6.) The Court presumes these documents are intended as Williams's attempt to amend the complaint.

The documents filed by Williams are exhibits that appear to be related to his state-court criminal proceedings. There are no additional factual allegations or claims included, and Williams does not specify any additional Defendants who are sued.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 5 at PageID 20-21), and will not be reiterated here. For the reasons explained in that previous order, (*id.* at PageID 21-25), Williams still fails to state a claim against any named Defendant.

Because the exhibits submitted by Williams relate to his criminal matter, it appears he wants this Court to become involved in that proceeding. However, nothing in those exhibits suggests that Williams's criminal case involves the type of extraordinary circumstances that would justify this Court's intervention in an ongoing state-court criminal matter. *See* 28 U.S.C. § 2283; *see also Younger v. Harris*, 401 U.S. 37, 45 (1971). Furthermore, even if Williams has been convicted of the charges in state court, his remedy is a properly filed habeas petition, not an action for damages under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Williams's attempt to amend also fails to state a claim on which relief can be granted; therefore, this case is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Williams in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Williams would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Williams nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for

implementing the PLRA. Therefore, Williams is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Williams, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Williams also filed *Williams v. Henderson Police Dep't, et al.*, No. 1:19-cv-1285-JDT-cgc (W.D. Tenn. Jan. 7, 2020) (dismissed for failure to state a claim).